Fred SCHOEMEHL, Deceased, Annette Schoemehl, Appellant,

v.

TREASURER OF THE STATE of Missouri, as Respondent of the Second Injury Fund, Respondent.

No. SC 87750.

Supreme Court of Missouri, En Banc.

Jan. 9, 2007.

Rehearing Denied March 20, 2007.

Dean L. Christianson, St. Louis, for Appellant.

Jeremiah W (Jay) Nixon, Atty. Gen., Cara L. Harris, Asst. Atty. Gen., Springfield, for Respondent.

Mary Anne Lindsey, Robert Hendershot, II, St. Louis, for Amicus Curiae.

RICHARD B. TEITELMAN, Judge.

Annette Schoemehl (Appellant) appeals the decision of the Labor and Industrial Relations Commission (Commission) awarding her permanent disability benefits for the period from December 3, 2003, to January 2, 2004, rather than awarding her the continuing permanent disability benefits of her deceased husband, Fred Schoemehl (Schoemehl). The decision is reversed, and the cause is remanded.

## FACTS

The parties have stipulated to the facts of the case. Schoemehl sustained a work-related knee injury on May 11, 2001, while employed by Cruiser Country, Inc. Schoemehl filed a claim for compensation against Cruiser Country and the Treasurer of the State of Missouri as Custodian of the Second Injury Fund (Respondent). Cruiser Country paid Schoemehl $20,661.65 in temporary total disability benefits and $9,477.08 in medical benefits.

A month after his benefits began, Schoemehl died from cause unrelated to his work-related knee injury. At the time Schoemehl's death, Appellant was sixty-two years old and was his sole dependent. She filed and later settled an amended claim for compensation against Cruiser Country and its insurer. The only remaining claim was against Respondent for permanent total disability.

An administrative law judge (ALJ) heard the case and determined that Schoemehl was rendered permanently and totally disabled as a result of his knee injury and pre-existing disabilities. The ALJ found Respondent liable to Appellant for permanent total disability benefits (PTD) until the date of Schoemehl's death; a total of $1,157.01. The ALJ denied Appellant's claim for permanent total disability benefits for the remainder of her lifetime following Schoemehl's death. The Commission affirmed. Appellant argues that the Commission erred in not concluding that, because she was Schoemehl's dependent, she is considered an "employee" under the workers compensation law and is, therefore, entitled to permanent total disability benefits for the remainder of her life.

## ANALYSIS

 Appellate courts are not bound by the Commission's interpretation and application of the law, and no deference is afforded to the Commission's interpretation of the law. *Pierson v. Treasurer of the State of Missouri,* 126 S.W.3d 386, 387 (Mo. banc 2004). This Court's interpretation of the workers' compensation act is informed by the purpose of the act, which is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment. *Wolfgeher v. Wagner Cartage Serv., Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983). Accordingly, the law "shall be liberally construed with a view to the public welfare." Section 287.800, RSMo 2000.[1] Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee. *Wolfgeher,* 646 S.W.2d at 783.

To date, no Missouri cases have decided whether the right to compensation for the PTD of an injured employee, who has died from causes unrelated to the work-related injury, survives to the dependents of that injured employee. Resolution of the issue depends upon analysis of three statutes. First, section 287.230.2 provides:

> Where an employee is entitled to compensation under this chapter for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid accrued compensation shall be paid, but payments of the unpaid unaccrued balance for the injury shall cease and all liability therefore shall terminate unless there are surviving dependents at the time of death.

Second, section 287.200.1 defines the duration of compensation for PTD and provides:

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

Compensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made.

Finally, section 287.020.1, provides:

The word "employee" as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. Any reference to any employee who has been injured shall, when the employee is dead, also include his dependents, and other persons to whom compensation may be payable.

Section 287.230.2 provides that when an employee is entitled to compensation and death ensues, compensation ceases when the employee dies from a cause other than his/her work injury, "unless there are surviving dependents at the time of death." There is no dispute that Schoemehl died from a cause other than the work injury and that Appellant is his **sole** surviving dependent. The statute refers generally to "compensation" and makes no distinction between PTD compensation and other benefit awards. Therefore, under section 287.230.2, Schoemehl's right to compensation for both accrued and unaccrued PTD benefits survives to Appellant because she was Schoemehl's dependent.

Respondent argues that section 287.230.2 is not dispositive because the statute applies only to those employees "entitled" to compensation.[2] Section 287.200.1 provides that PTD benefits shall be paid "during the continuance of such disability for the lifetime of the employee...." Respondent asserts that the phrase "during the continuance of such disability" necessarily limits entitlement to PTD benefits to the lifetime of the injured worker because the disability cannot continue after death.

 There are two primary problems with Respondent's interpretation. First, Respondent's interpretation overlooks the clause in section 287.200.1 requiring the payment of PTD benefits "for the lifetime of the employee." Appellant is considered the "employee" in this case because section 287.020.1 provides that "any reference to any employee who has been injured shall, when the employee is dead, also include his dependents...." Appellant was Schoemehl's dependent at the time of his death and falls within the statutory definition of an "employee" for purposes of workers' compensation benefits. If, as Respondent and the dissent conclude, the phrase "during the continuance of such disability" is controlling in cases where the injured worker dies while financially responsible for dependents, then the phrase "for the lifetime of the employee" is rendered superfluous. The words in a statute are presumed to have meaning, and any interpretation rendering statutory language superfluous is not favored. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). An entire clause of the statute should not be relegated to the status of excess verbiage.

**2.** Respondent also asserts that permitting Appellant to "step into the shoes" of Schoemehl would authorize perpetual liability for PTD benefits to successive generations. Section 287.240.4, which applies to the entire workers' compensation chapter, states that "[t]he word *'dependent'* as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, *who is actually dependent for support,* in whole or in part, *upon his or her wages at the time of the injury.*" (emphasis added). As such, any "dependent" would have to be born and dependent at the time of the injury.

Second, Respondent's interpretation allows surviving dependents to receive permanent partial disability benefits but not permanent total disability benefits. In *Nations v. Barr*, 43 S.W.2d 858, 859 (Mo. App.1931), and *Henderson v. Nat'l Bearing Div. of Am. Brake Shoe Co.*, 267 S.W.2d 349 (Mo.App.1954), the courts held that surviving dependents were entitled to the continuation of permanent partial disability benefits. Therefore, to adopt Respondent's position, this Court would need to assume that the legislature intended that the surviving dependents of an employee who is permanently partially disabled may recover full compensation whereas the dependents of a permanently and totally disabled employee cannot. As discussed above, this result is not compelled by the plain language of section 287.200.1. Absent indisputable plain language to the contrary, the statute should not be interpreted so as to lead to such an unreasonable result. At best, Respondent's arguments indicate an ambiguity which, under section 287.800 and this Court's precedent, requires the issue to be resolved in favor of Appellant.

The entirety of section 287.200.1 can be given effect by recognizing that the statute sets forth two separate, consistent clauses establishing the duration of PTD benefit payments. The "continuance of the disability" clause extinguishes PTD benefits in the event the injured worker recovers from his or her disability. The "during the lifetime of the employee" clause provides that, if the worker does not recover, the "employee" is entitled to compensation during his or her lifetime. This construction gives full effect to the statutory language by requiring payment of PTD benefits during the lifetime of Appellant as the surviving dependent. Therefore, Appellant is the employee "entitled" to compensation under section 287.230.2 and is entitled to payment of the unpaid, unaccrued balance of Schoemehl's PTD award.

The decision is reversed, and the cause is remanded.[3]

WOLFF, C.J., RUSSELL and WHITE, JJ., concur.

STITH, J., dissents in separate opinion filed.

PRICE and LIMBAUGH, JJ., concur in dissenting opinion of STITH, J.

LAURA DENVIR STITH, Judge, dissenting.

I respectfully dissent. Section 287.200.1, RSMo 2000, requires two prerequisites to be met before an injured employee is entitled to permanent total disability payments: (1) the continuance of the permanent total disability and (2) the continuance of the employee's life.[1] Section 287.200.1 simply does not permit Mr. Schoemehl's widow to continue to receive his disability benefits because his disability ceased at his death and, thus, the prerequisites to continued payments were no longer satisfied.

The principal opinion reaches a contrary result by concluding that, because section

---

**3.** Appellant also argued on appeal that the Commission's decision creates an equal protection violation because, under the Commission's decision, dependents of permanently totally disabled individuals receive fewer benefits than dependents of permanently partially disabled people. This Court's opinion eliminates the alleged disparity. There is no need to address the alleged constitutional violation.

**1.** Section 287.200.1 provides that "[c]ompensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made."

287.020.1 defines "employee" to include the employee's dependents if the employee is deceased, Mr. Schoemehl's widow is permitted to stand in his shoes upon his death. Even assuming that section 287.020.1's broad definition of "employee" at least creates an ambiguity that this Court will resolve in favor of the injured party, *Wolfgeher v. Wagner Cartage Serv., Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983), the principal opinion's approach is incorrect. It improperly excises from section 287.200.1 the additional requirement that the compensation is payable for the lifetime of the employee only "during the continuance of such disability." *Leibson v. Henry,* 356 Mo. 953, 204 S.W.2d 310, 315 (1947) ("the courts, in the interpretation of a statute, may not take, strike, or read anything out of a statute, or delete, subtract, or omit anything therefrom"); *accord State v. Blocker,* 133 S.W.3d 502, 504 (Mo. banc 2004) ("Each word or phrase in a statute must be given meaning if possible.").

The disability at issue here was an injury to Mr. Schoemehl's knee. That injury necessarily discontinued upon his death. Even if the second prerequisite to payment under section 287.200.1—continuance of the employee's life—is met by reason of section 287.020.1's inclusion of dependents in the definition of "employee," the first prerequisite—continuance of the disability—is not satisfied. Therefore, upon Mr. Schoemehl's death, neither he nor his dependents were entitled to continued permanent total disability payments. Accordingly, Mrs. Schoemehl is not entitled to receive compensation for permanent total disability benefits beyond that already accrued to Mr. Schoemehl at his death.

Mrs. Schoemehl argues that this result is not fair because it operates to treat dependents of permanently totally disabled individuals worse than dependents of permanently partially disabled individuals. Such a result, Mrs. Schoemehl claims, deprives her of equal protection of the laws. *See* U.S. Const. amend. XIV, sec. 1; Mo. Const. art. I, sec. 2.

While the amounts payable in the event of a permanent partial disability are different from those payable in the event of a permanent total disability, such a difference does not invalidate the statute. The distinction drawn does not impact a suspect class or fundamental right. Therefore, it is valid if it has a rational basis. *Etling v. Westport Heating & Cooling Servs.,* 92 S.W.3d 771, 774 (Mo. banc 2003).

The basis for the distinction follows from the difference in the nature of total versus partial disabilities. A permanent *total* disability is a lasting disability that necessarily renders the employee unable to return to any sort of regular employment. Sec. 287.020.6. A permanent *partial* disability is "permanent in nature and partial in degree," sec. 287.190.6(1), and is not dependent on the employee's inability to work. *Landers v. Chrysler Corp.,* 963 S.W.2d 275, 285 (Mo.App. E.D.1997), *overruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003). The benefits to be paid to a permanently partially disabled employee are of a finite, fixed amount, to be paid for a predetermined number of weeks. Sec. 287.190.1. By contrast, the payments to a permanently totally disabled employee are measured in terms of the continuance of the employee's life and disability that prevents the employee from working. Sec. 287.200.1.

This difference in how partial versus total awards are calculated is a rational one that reflects the differing nature of the injuries for which the awards are made. A permanent partial disability is given a fixed value because experience has shown the average number of weeks such an inju-

ry causes the worker suffering it to require compensation. By contrast, the value of a permanent total disability is left flexible because the legislative scheme presumes that the disability preventing the employee from working will continue until the injured person dies, and a person's date of death is not predictable. By providing that the person receive benefits during the continuance of the disability for the lifetime of the employee, the legislature ensured that even if the injured person lived many years, he or she would continue to receive benefits if the disability continued.

In this case, the result is harsh because of the misfortune that Mr. Schoemehl died one month after his benefits began, but the distinction drawn by the legislature is a rational one, and the result reached by the Commission was the only one available under the statutes.

For these reasons, I would affirm the Commission's decision.