James **WINBERRY**, Deceased, Barbara Winberry, Jacob Winberry, Joshua Winberry, Hannah Winberry, John Winberry, Heather Winberry, and James Winberry, Jr., Appellants,

v.

**TREASURER OF MISSOURI AS CUSTODIAN OF the SECOND INJURY FUND, Respondent.**

No. ED 89770–01.

Missouri Court of Appeals, Eastern District, Division Four.

May 13, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 2008.

Jeffrey P. Gault, Clayton, MO, for appellant.

Lee B. Schaefer, Carol L. Barnard, Atty. Generals Office, St. Louis, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

James Winberry's dependents (hereinafter, and collectively, "Appellant") petitioned the Labor and Industrial Relations Commission (hereinafter, "the Commission"), requesting all future permanent total disability (hereinafter, "PTD") payments of James Winberry (hereinafter, and individually, "Winberry") be paid to them pursuant to *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). The Commission entered its order stating it had no statutory authority to order the continuation of payments to Appellant. Appellant brings this appeal. We affirm.[1]

Winberry was employed by Ford Motor Company for approximately twenty years. Winberry developed pain in his neck and shoulders and was treated medically. In March 1997, he was diagnosed with a herniated cervical disc, a torn left rotator cuff, and chronic impingement of his right shoulder and unable to return to work. Winberry also had several prior disabilities, including flat feet, bilateral carpal tunnel syndrome, a fractured left wrist, and sleep apnea. The Commission entered its final award to Winberry, finding the Second Injury Fund (hereinafter, "SIF") liable for PTD benefits as of January 7, 1998.

On February 16, 2006, Winberry died. SIF stopped making payments on Winberry's PTD award. Later, Appellant filed a "motion to substitute parties" with the

---

1. On this same date, a nearly identical case, *Cox v. Treasurer of Missouri as Custodian of the Second Injury Fund*, ED89751 (P.J. Hoff), is being published following transfer to the Missouri Supreme Court, pursuant to Rule 83.02, and retransfer to this Court.

Commission based upon the holding in *Schoemehl.* Appellant requested the Commission to order resumption of Winberry's PTD benefits and make them payable to Appellant. The Commission determined it had no statutory authority to review the PTD award because it lacked jurisdiction. Appellant appeals.

Appellant raises one point on appeal, claiming the Commission erred in refusing to accept jurisdiction to order the continuation of payments to Appellant. Appellant argues that pursuant to Section 287.200.2 RSMo (2000),[2] the Commission retains jurisdiction during the lifetime of an injured employee who received an award of PTD. Further, since the Court in *Schoemehl* interpreted the statutory language of the term "employee" to include the employee's dependents, Appellant believes the Commission never lost jurisdiction to continue payments from Winberry's award of PTD.

 "An administrative tribunal is a creature of statute and exercises only that authority invested by legislative enactment." *Oberreiter v. Fullbright Trucking,* 24 S.W.3d 727, 729 (Mo.App. E.D.2000)(*citing Farmer v. Barlow Truck Lines,* 979 S.W.2d 169, 170 (Mo. banc 1998)). Appellant refers this Court to Section 287.200.2 as the statutory authority for the Commission to take jurisdiction of this matter. However, Appellant merely cites to one sentence within that subsection to support its argument.

The fundamental tenet of statutory interpretation is to give effect to legislative intent which is reflected in the plain language of the statute. *President Casino, Inc. v. Director of Revenue,* 219 S.W.3d 235, 240 (Mo. banc 2007). "In the absence of statutory definitions, the plain and ordinary meaning of a term may be derived from a dictionary, and by considering the context of *the entire statute* in which it appears." *State ex rel. Burns v. Whittington,* 219 S.W.3d 224, 225 (Mo. banc 2007)(internal citations omitted)(emphasis added); *see also Dodson v. City Of Wentzville,* 216 S.W.3d 173, 177 (Mo.App. E.D. 2007).

Appellant's cited sentence from Section 287.200.2, while clear in its language, should be limited by reading the entire section of that statute. The sentence immediately preceding the one cited by Appellant limits the Commission's ability to inquire into PTD cases only to re-evaluate the award in instances where the employee is able to return to employment. Clearly, that is not the situation in this case, and Section 287.200.2 was not intended to give the Commission jurisdiction to enforce an award after the employee has died.

Essentially, Appellant seeks to have Winberry's PTD award enforced. "[T]he Commission has no power to pronounce a judgment or to enforce a workers' compensation award." *Baxi v. United Technologies Automotive Corp.,* 122 S.W.3d 92, 96 (Mo.App. E.D.2003). "Because the Commission has no statutory authority to review an award, the Commission correctly dismissed the action for lack of jurisdiction." *Falk v. Barry, Inc.,* 158 S.W.3d 327, 329 (Mo.App. W.D.2005).

Accordingly, we affirm the decision of the Commission, stating it had no jurisdiction to enforce Winberry's PTD award and continue the payments to Appellant.

MARY K. HOFF, P.J. and SHERRI B. SULLIVAN, J., concur.

---

**2.** Both parties improperly cited to this subsection. Additionally, all further statutory references herein are to RSMo (2000) unless otherwise indicated.