Michael STRAIT, Natural Father and Legal Guardian of Joshua Neal Strait and Mick Tyler Strait, Appellant,

v.

TREASURER OF MISSOURI as Custodian of Second Injury Fund, Respondent.

No. SC 89078.

Supreme Court of Missouri, En Banc.

July 15, 2008.

James G. Krispin, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lee B. Schaefer, Jennifer Sommers, Asst. Attys. Gen., St. Louis, MO, for Respondent.

MICHAEL A. WOLFF, Judge.

### Introduction

Rosalyn Strait was injured on the job and was awarded permanent total disability benefits. After the award, but during the 30–day period while the case was subject to review in the court of appeals, she died of injuries unrelated to her work injury. On appeal, the court of appeals substituted Michael Strait, Rosalyn's former husband and father of her minor depen-

dent children, as the claimant on behalf of the children. The court of appeals affirmed the award of permanent total disability benefits.

After the appeal, Michael Strait on behalf of the children moved in the Labor and Industrial Relations Commission to substitute the children as recipients of the deceased employee's disability benefits in light of this Court's holding in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). The commission held that it had no jurisdiction so to amend the award and denied Strait's motion.

The issue presented is: Does the commission have the authority to amend its final award of total permanent disability to substitute the dependent children as claimants after their mother died while the mother's claim was still pending?

### Facts and Procedural History

Michael Strait is the divorced, natural father and legal guardian of the surviving dependent minor children of deceased employee, Rosalyn Strait, a single mother. Rosalyn Strait was injured while at work in August 2002. On January 12, 2007, the Labor and Industrial Relations Commission awarded Rosalyn permanent total disability benefits for the duration of her lifetime. On January 27, 2007, Rosalyn Strait died of injuries unrelated to the August 2002 work accident.

On February 1, 2007, the commission received notice of Rosalyn Strait's death advising the commission that Rosalyn had dependents at the time of her death who, Strait asserted, would succeed Rosalyn's right to the claimed benefits. On February 2, 2007, the state treasurer, as custodian of the Second Injury Fund, filed a notice of appeal. The court of appeals in

March 2007 substituted Michael Strait for Rosalyn Strait to pursue the claim on behalf of the dependent Strait children. The court of appeals in October 2007 affirmed the commission's award of permanent total disability benefits, and in December 2007, the court issued an amended mandate that substitutes Michael Strait's name for Rosalyn Strait's name. *See Strait v. Integram St. Louis Seating*, 236 S.W.3d 121 (Mo.App.2007).

After the court of appeals' amended mandate issued, Strait sought to amend the final award with the commission, asking that the Second Injury Fund be required to pay permanent total disability benefits to the substituted claimants, the Strait children. The commission issued an order on January 8, 2008, dismissing the motion for "lack of jurisdiction."

Strait filed a notice of appeal to the court of appeals and then moved to transfer the case to this Court prior to opinion. This Court granted transfer before opinion and has jurisdiction of the appeal. Mo. Const. art. V, sec. 10.

### Analysis

*Schoemehl v. Treasurer of the State of Missouri* construed section 287.230.2.[1] That statute provides that when an employee is entitled to compensation, the compensation ceases when the employee dies from a cause other than the work injury "unless there are surviving dependents at the time of death." The definition of "employee" in section 287.020.1 includes this sentence: "Any reference to any employee who has been injured shall, when the employee is dead, also include his dependents and other persons to whom compensation may be payable." Reading the two provisions together, this Court held that "the right to compensation for the

---

1. All statutory references are to RSMo 2000.

[permanent total disability] of an injured employee, who has died from causes unrelated to the work-related injury, survives to the dependents of that injured employee." 217 S.W.3d at 901.[2]

■ The question of whether the children may receive the permanent total disability payments after the death of their mother is dependent on whether the mother's claim was final—or was still pending—at the time of her death.

■ Courts respect the finality of judgments. *See Russell v. Russell,* 210 S.W.3d 191, 194 (Mo.2007) (referring to the "persistence of judicial respect for the finality of judgments"). The law bars the retrospective application of the laws to cases that have achieved final resolution. *See* Mo. Const. art. I, sec. 13 ("no ... law ... retrospective in its operation ... can be enacted"); discussed in *Jane Doe I v. Phillips,* 194 S.W.3d 833, 850 (Mo. banc 2006), and *Squaw Creek Drainage Dist. v. Turney,* 235 Mo. 80, 138 S.W. 12, 16 (Mo.1911). If Rosalyn Strait's claim was no longer pending, and her case had been closed, then *Schoemehl* cannot be applied to allow the substitution of Strait's dependents as beneficiaries of her permanent total disability benefits.

Strait's claim was pending, however, at the time of her death. Section 287.495 provides in relevant part: "The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court." In this case, the state treasurer as custodian of the Second Injury Fund appealed the January 12, 2007, award on February 2, 2007, well within the 30 days specified in the statute,

even though Rosalyn Strait had died on January 27. Because the award was appealed in a timely fashion, it was not "conclusive and binding." *See also Korte v. Fry–Wagner Moving & Storage Co.,* 922 S.W.2d 395, 398 (Mo.App.1996).

This 30–day period for appeal was crucial in *Buescher v. Mo. Highway & Transp. Comm'n,* 254 S.W.3d 105, 108 (Mo.App.2008), where the court denied survivorship benefits to dependents under *Schoemehl.* In *Buescher* the claimant died more than 30 days after the commission's award of permanent and total disability. Under section 287.495, the court said, "the final award of the Commission is 'conclusive and binding' on the parties unless either party appeals the award to the appellate court within thirty days." The court added that "[o]nce the time for appeal has expired, the Commission has no authority to further delineate, expound upon, or enforce the award," citing *Falk v. Barry, Inc.,* 158 S.W.3d 327, 329 (Mo.App. 2005). Thus, the court held, the survivorship claim is untimely.

Because Strait's case was still pending on the date the *Schoemehl* decision issued, *Schoemehl* applies to Strait's case, and the commission must follow it. In so holding, this Court acts in conformity with the common-law principle allowing prospective application of a decision to "all actions pending on and prospective to the date on which" the opinion was issued. *S.A.V. v. K.G.V.,* 708 S.W.2d 651, 653 (Mo.1986) (a decision of this Court abrogating spousal immunity is applicable to all actions pending on and prospective to the date on which the decision was issued). Based on this principle, the interpretation of the law that was made in *Schoemehl* applies to cases that were pending in the commission

---

**2.** Since this Court's decision in *Schoemehl,* the statute has been amended. *Senate Committee Substitute for House Committee Substitute for House Bill No.* 1883, 94th General Assembly, effective June 26, 2008.

or pending on appeal at the time of the *Schoemehl* decision.

### Conclusion

The decision of the Labor and Industrial Relations Commission is reversed, and the case is remanded to grant benefits to the minor dependent children as of the date of Rosalyn Strait's death.

TEITELMAN and RUSSELL, JJ., concur.

STITH, C.J., concurs in separate opinion filed.

LIMBAUGH, J., dissents in separate opinion filed.

PRICE and BRECKENRIDGE, JJ., concur in opinion of LIMBAUGH, J.

LAURA DENVIR STITH, Chief Justice, concurring.

I authored the dissenting opinion in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007), and continue to disagree with the interpretation of section 287.020.1 in the majority opinion in that case. That opinion is, however, the law, and it therefore governs this appeal. Predictability and reliance on the law militates against overruling precedent with each new case that comes along. The facts of this case are nearly on all fours with *Schoemehl* in relevant respects and, under *Schoemehl*, the dependents of the employee in this case are entitled to recover.

I disagree with the dissenting opinion's claim that the majority's reasoning here is inconsistent with this Court's decision that dependents of employees are not eligible for benefits in cases in which the awards are final and not subject to further appeal. In those cases, the employee did not request that the award include such relief, or such relief was denied, and so these awards became final once no appeal was filed or once they were affirmed on appeal. There is no precedent for reopening final awards in workers' compensation cases, or final judgments in other cases, every time the law is clarified in a way that might have benefited the plaintiff in those cases had they timely raised the point at issue. Were courts to do so, no case would ever be final.

Here, however, the award was on appeal and thus not yet final when the employee died. Therefore the dependents of the employees were not barred from seeking that the award provide that they receive the benefits which the employee would have received had he not died from unrelated causes, as permitted by *Schoemehl*. For this reason, I concur in the majority opinion and in the reasoning thereof.

STEPHEN N. LIMBAUGH, JR., Judge, dissenting.

This case presents some of the unintended and unforeseen consequences of this Court's wrongly decided opinion in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). I joined in the dissent in that case, and I dissent in this case, as well. *Schoemehl* was wrongly decided because under section 287.200.1, RSMo 2000, permanent total disability payments are only payable "during the continuance of such disability for the lifetime of the employee...." *Id.* at 902; *Id.* at 905 (Stith, J. dissenting). For this reason, *Schoemehl* should be overturned.

According to the majority analysis in *Schoemehl*, the surviving dependents of an injured employee with permanent total disability will continue to collect workers' compensation payments by virtue of a provision in section 287.020.1, which states, "[a]ny reference to any employee who has been injured shall, when the employee is dead, also include his dependents...."

The holding of *Schoemehl* makes clear that the payments are not tied to the death of the employee, but continue to his or her dependents, who themselves are then considered the employees. But if that is true, there is no basis to tie the payments in this case to the fact that the employee died while the case was still pending. Nonetheless, the majority now holds that "the question of whether the children may receive the permanent total disability payment after the death of their mother is dependent on whether the mother's claim was final—or was still pending—at the time of her death." To be consistent with *Schoemehl*, however, the only course is to allow the substitution of the decedent's dependents and continue the payments after the decedent's death without regard to the pendency of the original action. Certainly there is nothing in the statute on which *Schoemehl* relied that limits payments only to those dependents with the perverse good fortune of having their decedents die while the case was still pending.

Furthermore, the majority's conclusion that payments to dependents who did not move to intervene while the original case was still pending would constitute the "retrospective application of the laws" is wholly off the mark. The prohibition against retrospective application of the laws pertains solely to laws that are enacted after the conduct to which they purport to apply. Mo. Const. art. I, sec. 13 ("[N]o ... law ... retrospective in its operation ... can be enacted."); *Jane Doe I v. Phillips*, 194 S.W.3d 833, 850 (Mo. banc 2006). And here, of course, section 287.020.1 was on the books well before decedent's injury.

That is not to say that I disagree with the majority's holding that the operation of *Schoemehl* is prospective only; my disagreement instead pertains to the majority's (and the concurrence's) treatment of *post-Schoemehl* cases. As I understand the majority and concurring positions, the dependents of an injured employee can only collect after the death of the employee if they, themselves, were part of the lawsuit. If not, the judgment awarding benefits to the injured employee will not carry over to the dependents. This is a wholly inequitable resolution because the identity of the dependents of the injured employee will, in most cases, change between the time the judgment was final and the date of the employee's death. Indeed, in many cases, an injured employee's dependents may not even exist at the time the judgment was entered. So in my mind, if *Schoemehl* is to be followed, all post-*Schoemehl* judgments should include, as a matter of law, all dependents of the employee at the time of the employee's death, whether or not those dependents were expressly named in the judgment. Although the concurrence is correct that "there is no precedent for reopening final awards in workers' compensation cases," to identify those dependents, one equitable solution, at least, is to allow them to assert their dependency and entitlement to payments via a writ of mandamus directed to the state treasurer.

Ultimately, the distinction made by the majority—that dependents do collect if their decedents die while the case is still pending but do not collect if their decedents die after the case is finalized—is simply a poor invention designed, I suspect, in an effort to minimize the mischief caused by the bad decision in *Schoemehl*. Unfortunately, the majority's holding compounds the mischief more than it comprises a cure. The cure is to overturn *Schoemehl*.