Marianne BENNETT, Appellant,

v.

TREASURER OF the STATE OF MIS-SOURI–CUSTODIAN OF the SECOND INJURY FUND, Respondent.

No. WD 69128.

Missouri Court of Appeals,
Western District.

Nov. 18, 2008.

Truman E. Allen, Columbia, MO, for Appellant.

Sarah E. Reichert, Jefferson City, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., JOSEPH M. ELLIS, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Marianne Bennett appeals the decision of the Labor and Industrial Relations Commission that it did not have jurisdiction over Bennett's motion to join her spouse as an additional party to her workers' compensation claim in which she was awarded permanent total disability benefits from the Second Injury Fund. Bennett contends that, pursuant to the Missouri Supreme Court's decision in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007), the Workers' Compensation Act (the Act) establishes a right to a continuation of permanent total disability benefits if an injured worker dies of causes unrelated to the work injury and leaves behind dependents. *See* § 287.230.2, RSMo 2000.[1] Bennett claims that the Commission's failure to accept jurisdiction leaves her spouse without legal means of determining his entitlement to benefits under the Act if he survives her. We affirm the Commission's determination that it did not have the statutory authority to consider Bennett's motion.

On May 18, 2004, this court affirmed the Commission's decision finding that Bennett was entitled to permanent partial disability benefits from her employer, Columbia Health Care, and finding that she was entitled to permanent total disability benefits from the Second Injury Fund.[2] *Bennett v. Columbia Health Care*, 134 S.W.3d 84 (Mo.App.2004). No party sought a rehearing or a transfer of the case to the Missouri Supreme Court; therefore, this court issued its mandate on June 9, 2004. In this appeal, Bennett acknowledges that Columbia Health Care paid the permanent partial disability benefits. She also acknowledges that the Second Injury Fund commenced paying the permanent total disability benefits and that the Second In-

---

1. As we discuss *infra,* the General Assembly amended this section by Senate Committee Substitute for House Committee Substitute for House Bill No. 1883, 94th General Assembly, 2nd Regular Session, which became effective on June 26, 2008. 2008 Mo. Laws 442.

2. The facts concerning Bennett's injury are set forth in *Bennett v. Columbia Health Care,* 134 S.W.3d 84 (Mo.App.2004).

jury Fund continues to meet its ongoing obligation to pay for these benefits.

On October 25, 2007, the Commission received a motion from Bennett seeking to join her spouse as an additional party to her workers' compensation claim in which she was awarded permanent total disability against the Second Injury Fund. On November 8, 2007, the Commission found that it had no statutory authority to consider the motion and, therefore, dismissed Bennett's motion for lack of jurisdiction. Bennett appeals.

■ Our review of the Commission's decision is governed by article V, section 18, of the Missouri Constitution and section 287.495, RSMo 2000. Article V, section 18, provides for judicial review of the Commission's award to determine whether the decision is authorized by law and, in cases in which a hearing is required by law, whether the decision is "supported by competent and substantial evidence upon the whole record." Section 287.495 provides that we will affirm the Commission's decision unless the Commission acted in excess of its powers, the award was procured by fraud, the facts do not support the award, or insufficient competent evidence exists in the record to warrant the making of the award. We, however, are not bound by the Commission's interpretation and application of the law, and we afford no deference to the Commission's interpretation of the law. *Schoemehl*, 217 S.W.3d at 901.

In her sole point on appeal, Bennett asserts that the Commission erred in finding that it did not have jurisdiction over her motion to join her spouse as an additional party to her workers' compensation claim. In support of her contention, Bennett asserts that, pursuant to the Missouri Supreme Court's decision in *Schoemehl*, her spouse is entitled to continue receiving her permanent total disability benefits if she were to die of causes unrelated to the work injury. Bennett asserts that the Commission's failure to accept jurisdiction over her motion leaves her spouse without legal means of determining his entitlement to benefits if he survives her.

In *Schoemehl*, the Missouri Supreme Court determined that dependents of an injured worker receiving permanent total disability benefits are entitled to continue receiving those benefits after the injured worker dies if the injured worker dies from causes unrelated to the work injury. 217 S.W.3d at 902. The *Schoemehl* opinion, however, has only limited applicability.

First, in response to *Schoemehl*, the General Assembly amended several sections in Chapter 287 by Senate Committee Substitute for House Committee Substitute for House Bill No. 1883, 94th General Assembly, 2nd Regular Session, which became effective on June 26, 2008.[3] In particular, HB 1883 enacted section 287.230.3, which says: "In applying the provisions of

---

**3.** In particular, the General Assembly amended §§ 287.200 and 287.230, RSMo. Section 287.200.1 now reads in part: "The word 'employee' as used in this section shall not include the injured worker's dependents, estate, or other persons to whom compensation may be payable as provided in subsection 1 of section 287.020." 2008 Mo. Laws 444. Section 287.200.2 now reads:

Permanent total disability benefits that have accrued through the date of the injured employee's death are the only permanent total disability benefits that are to be paid in accordance with section 287.230.

The right to unaccrued compensation for permanent total disability of an injured employee terminates on the date of the injured employee's death in accordance with section 287.230, and does not survive to the injured employee's dependents, estate, or other persons to whom compensation might otherwise be payable.

2008 Mo. Laws. 444. Section 287.230.2 now reads:

Where an employee is entitled to compensation under this chapter, exclusive of compensation as provided for in section 287.200, for an injury received and death

this chapter, it is the intent of the legislature to reject and abrogate the holding in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo.2007), and all cases citing, interpreting, applying, or following this case." Thus, *Schoemehl* no longer reflects the state of the law.

Second, case law has strictly limited recovery under *Schoemehl* to situations in which the injured worker's case was still pending before the Commission and when no determination had been made on the injured worker's claim against the Second Injury Fund for permanent total disability benefits. *Strait v. Treasurer of Mo.*, 257 S.W.3d 600 (Mo. banc 2008); *Cox v. Treasurer of State*, 258 S.W.3d 835 (Mo.App. 2008); *Buescher v. Mo. Highway & Transp. Comm'n*, 254 S.W.3d 105 (Mo. App.2008). As the Missouri Supreme Court said in *Strait:*

> The question of whether [dependents] may receive the permanent total disability payments after the death of [the injured worker] is dependent on whether the [injured worker's] claim was final—or was still pending—at the time of her death.
>
> Courts respect the finality of judgments. The law bars the retrospective application of the laws to cases that have

achieved final resolution. If [an injured worker's] claim [is] no longer pending, and her case [has] been closed, then *Schoemehl* cannot be applied to allow the substitution of [the injured worker's] dependents as beneficiaries of her permanent total disability benefits.

*Strait*, 257 S.W.3d at 602 (citations omitted).[4]

 Indeed, section 287.495.1, RSMo 2000, says: "The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court." "Once the time for appeal has expired, the Commission has no authority to further delineate, expound upon, or enforce the award." *Buescher*, 254 S.W.3d at 108; *see also Strait*, 257 S.W.3d at 602. "As an administrative tribunal, the Commission is a statutory creation and has only that authority given by legislative enactment." *Buescher*, 254 S.W.3d at 108. Although section 287.203, RSMo Supp. 2007, allows for review of an employer's unilateral decision to terminate permanent total disability benefits and section 287.470, RSMo 2000, gives the Commission the authority to "make an award ending, diminishing or increasing the compensa-

---

ensues for any cause not resulting from the injury for which the employee was entitled to compensation, payments of the unpaid unaccrued compensation under section 287.190 and no other compensation for the injury shall be paid to the surviving dependents at the time of death.
2008 Mo. Laws 445.

4. Although Bennett asserts that the Supreme Court's decision in *Greenlee v. Dukes Plastering Serv.*, 75 S.W.3d 273 (Mo. banc 2002), the Commission's unpublished procedures, and the Commission's Regulation 8 C.S.R. section 20–3.010(4) support her contention that the Commission may exercise jurisdiction over her final award for permanent total disability benefits, the Missouri Supreme Court's opinion in *Strait* states otherwise. To the extent

that Bennett contends that *Strait* could not limit the application of *Schoemehl* to pending cases only and that we should not rely on *Strait* and should consider the language quoted above as dicta, we decline. " 'This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court.' " *Kansas City Power & Light Co. v. Bibb & Assocs., Inc.*, 197 S.W.3d 147, 159 (Mo.App.2006) (citation omitted). As the *Strait* court said, "If [an injured worker's] claim [is] no longer pending, and her case [has] been closed," as is the case for Bennett's claim, "then *Schoemehl* cannot be applied to allow the substitution of [the injured worker's] dependents as beneficiaries of her permanent total disability benefits." *Strait*, 257 S.W.3d at 602.

tion previously awarded" at any time upon a "change in the condition," these sections do not give the Commission the authority to determine whether a spouse is entitled to survivorship benefits when a final decision has been made on the claim for permanent total disability benefits. *Buescher,* 254 S.W.3d at 108–109 and n. 6.

■ Therefore, under HB 1883 and the Missouri Supreme Court's later decision in *Strait,* recovery under *Schoemehl* is limited to claims for permanent total disability benefits that were pending between January 9, 2007, the date the Missouri Supreme Court issued its decision in *Schoemehl,* and June 26, 2008, the effective date of HB 1883.

■ In this case, the Commission's decision finding that Bennett was entitled to permanent total disability benefits from the Second Injury Fund became final when this court issued its mandate on June 9, 2004, in *Bennett v. Columbia Health Care,* 134 S.W.3d 84 (Mo.App. 2004). *Meierer v. Meierer,* 876 S.W.2d 36, 37 (Mo.App.1994). Bennett's claim for permanent total disability benefits is no longer "pending" before the Commission

nor is it on appeal. The Commission made its determination on Bennett's claim against the Second Injury Fund for permanent total disability benefits, and the Commission's determination is final. Thus, because Bennett's claim is no longer pending and her case has been closed,[5] *Schoemehl* cannot be applied to allow the substitution of her spouse as a beneficiary of her permanent total disability benefits. *Strait,* 257 S.W.3d at 602. The Commission, therefore, "has no authority to further delineate, expound upon, or enforce the award." *Buescher,* 254 S.W.3d at 108.

The Commission correctly ruled that it had no statutory authority to reopen and review Bennett's final award or to make a new determination based upon Bennett's motion to join her spouse as an additional party to her workers' compensation claim. We, therefore, affirm the Commission's dismissal of Bennett's motion.

All concur.

■

---

5. Bennett contends that Missouri Supreme Court's assumption in *Strait* that the injured worker's claim would be closed upon issuance of a decision is in contravention of § 287.200.2, RSMo 2000 (now renumbered as § 287.200.3, RSMo pursuant to SCS HCS HB 1883, 94th Gen. Assem., 2d Reg. Sess. (Mo. June 26, 2008)). That section says:

> All claims for permanent total disability shall be determined in accordance with the facts. When an injured employee receives an award for permanent total disability but by the use of glasses, prosthetic appliances, or physical rehabilitation the employee is restored to his regular work or its equivalent, the life payment mentioned in subsection 1 of this section shall be suspended during the time in which the employee is restored to his regular work or its equivalent. *The employer and the division shall keep the file open in the case during the lifetime of any injured employee who has*

> *received an award of permanent total disability.* In any case where the life payment is suspended under this subsection, the commission may at reasonable times review the case and either the employee or the employer may request an informal conference with the commission relative to the resumption of the employee's weekly life payment in the case.

(We added the emphasis). The emphasized portion of this statute, however, must "be limited by reading the entire section of that statute." *Winberry v. Treasurer of Mo.,* 258 S.W.3d 455, 457 (Mo.App.2008). The scope of this section is limited to situation in which the life payment of the injured worker is suspended. Section 287.200.2 "limits the Commission's ability to inquire into [permanent total disability] cases only to reevaluate the award in instances where the employee is able to return to employment." *Id.*