Homer LAWSON, Ralph Tyson, and Oscar Graves, Appellants,

v.

TREASURER OF the STATE of Missouri AS CUSTODIAN FOR the SECOND INJURY FUND, Respondent.

Nos. SD 28541, SD 28543, SD 28545.

Missouri Court of Appeals,
Southern District,
Division Two.

March 19, 2009.

Paul F. Reichert, Springfield, MO, for Appellants.

Jeremiah W. (Jay) Nixon, Attorney General and Cara L. Harris, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Helen Lawson, Deborah Tyson, and Becky Graves ("Appellants"), spouses of deceased workers' compensation disability recipients Homer Lawson, Ralph Tyson, and Oscar Graves (the "disability recipients"), appeal the Missouri Labor and Industrial Relations Commission's ("Commission") orders denying Appellants' requests for reinstatement of the permanent and total disability benefits ("disability benefits") previously awarded to the disability recipients.[1] The Commission denied relief on the ground that it lacked jurisdiction. Because the disability recipients' awards were final awards not subject to review, we affirm the Commission's orders of dismissal.

1. These cases were consolidated for oral argument because the same issue was raised in each case by substantially similar briefs and all Appellants were represented by the same attorney. As the same analysis applies to each case, we have chosen to also combine them into one opinion for purposes of judicial economy. In doing so, we mean no disrespect.

2. Unless otherwise indicated, all statutory references are to RSMo 2000. Section 287.495 provides in relevant part that "[t]he final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court."

## I. Facts and Procedural Background

The disability recipients were awarded their respective disability benefits on January 25, 2000 (Lawson—28541), September 6, 2000 (Tyson—28543), and April 4, 2005 (Graves—28545). At the time of the awards, no determination was made as to whether any of the disability recipients had any dependents and none of the orders were appealed. As a result, each of the awards became final 30 days after it was entered under section 287.495.[2] After the respective deaths of each of the disability recipients, the Commission entered orders terminating those disability benefits pursuant to section 287.470.[3]

Thereafter, on January 9, 2007, our Supreme Court issued its decision in *Schoemehl v. Treasurer of Missouri,* 217 S.W.3d 900 (Mo. banc 2007), holding that dependents of disability recipients could recover the recipient's disability benefits upon the recipient's death if the death was unrelated to the workplace injury. *Id.* at 902. Two days after the Court handed down its decision in *Schoemehl,* each Appellant filed a motion with the Commission asking it to 1) set aside its previous orders terminating disability benefits; 2) reinstate those benefits; and 3) find that the movant was a

3. Section 287.470 provides: "Upon its own motion ... the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded...." This section allows the Commission to modify an existing award if there is a change in the condition of the injured employee that is causally related to the work injury. *Buescher v. Mo. Highway & Transp. Comm'n.,* 254 S.W.3d 105, 109 n. 6 (Mo.App. W.D.2008). Here, Appellants have asserted that the disability recipients' deaths were *not* causally related to their work injuries.

dependent of the disability recipient. The Commission entered orders dismissing each Appellant's request on the grounds that no statute granted it the authority to grant the relief requested. Appellants now appeal those dismissals.

## II. Standard of Review

Our review of the Commission's decision is governed by statute. Section 287.495.[4] Because the facts are not in dispute and only a question of law is at issue, our review of the Commission's decision is *de novo*. *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534, 535 (Mo. banc 1996).

## III. Discussion

Appellants' sole point on appeal is that the Commission erred in finding that it lacked subject matter jurisdiction to determine whether a deceased disability recipient's spouse was entitled to a continuation of a recipient's benefits under section 287.230.2. Appellants contend that, under *Schoemehl*, dependents of disability recipients are entitled to continue receiving the disability recipient's benefits if: 1) the recipient died from causes unrelated to his accident; and 2) was survived by a dependent.

The version of section 287.230.2 in effect at the time *Schoemehl* was decided provided "that when an employee is entitled to compensation, the compensation ceases when the employee dies from a cause other than the work injury 'unless there are surviving dependents at the time of death.'" *Id.* Because section 287.020.1 defined an "employee" to include "depen-

dents" when referring to an employee who had been injured but was dead, the Court construed the plain wording of section 287.230.2 to allow dependents of an injured employee receiving disability benefits to receive those benefits if the employee died from causes unrelated to the work-related injury. *Schoemehl*, 217 S.W.3d at 902.

After *Schoemehl* was handed down, the legislature amended several sections within the Workers' Compensation Law (sections 287.010–287.811) with the express intent "to reject and abrogate the holding in *[Schoemehl]* and all cases citing, interpreting, applying or following this case."[5] Section 287.230.3, RSMo Cum.Supp.2008. Section 287.200.2 now provides that "[t]he right to unaccrued compensation for permanent total disability of an injured employee terminates on the date of the injured employee's death in accordance with section 287.230, and does not survive to the injured employee's dependents...." Section 287.200.2, RSMo Cum.Supp.2008. Section 287.230.2 now explicitly states that "no other compensation for the injury shall be paid to the surviving dependents at the time of death." Section 287.230.2, RSMo Cum.Supp.2008.

Shortly after these amendments were made, our Supreme Court issued its decision in *Strait v. Treasurer of Mo.*, 257 S.W.3d 600 (Mo. banc 2008). In *Strait*, the Court did not overrule *Schoemehl*, but limited its application to cases in which the injured employee's claim was still pending at the time of his or her death. *Id.* at 602. Specifically, the Court stated:

**4.** "The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts

found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the making of the award."

**5.** These amendments became effective June 26, 2008.

Courts respect the finality of judgments. The law bars the retrospective application of the laws to cases that have achieved final resolution. If [a disability recipient's] claim [is] no longer pending, and her case [has] been closed, then *Schoemehl* cannot be applied to allow the substitution of [the disability recipient's] dependents as beneficiaries of her permanent total disability benefits.

*Id.* (internal citations omitted).

Following *Strait,* the Western District of our court faced a situation similar to the instant cases in *Bennett v. Treasurer of Missouri,* 271 S.W.3d 49 (Mo.App. W.D. 2008). In *Bennett,* an injured employee filed a motion with the Commission seeking to add her husband as an additional party to her worker's compensation claim in which she had previously been awarded disability benefits. *Id.* at 51. As in the instant cases, she contended that, under *Schoemehl,* her husband was entitled to continued disability benefits if she: 1) died of causes unrelated to her work injury; and 2) left behind dependents. *Id.* at 50. In claiming the Commission had the authority to reopen her award, she argued "that the Commission's failure to accept jurisdiction [left] her spouse without legal means of determining his entitlement to benefits under the Act if he survives her." *Id.*

Relying on the statutory amendments mentioned above and our Supreme Court's decision in *Strait,* the Western District held that "recovery under *Schoemehl* is limited to claims for permanent total disability benefits that were pending between January 9, 2007, the date the Missouri Supreme Court issued it decision in *Schoemehl,* and June 26, 2008, the effective date of [the new amendments];" holding that because claimant's disability benefits became final prior to the *Schoemehl* decision,

the Commission did not have authority to hear her claim. *Id.* at 53.

The situation in the instant cases is substantially similar. All of the disability recipients' claims were final prior to *Schoemehl* and were therefore not pending between January 7, 2007 and June 26, 2008. As a result, the Commission was correct in ruling that it had no statutory authority to reopen the disability recipients' final awards for the purpose of reinstating benefits and making them payable to Appellants, the disability recipients' alleged dependents. The Commission's orders of dismissal are affirmed.

LYNCH, C.J., and PARRISH, J., Concur.