**Tina ROLLER, Appellant–Respondent,**

v.

**Sarah STEELMAN, Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Respondent–Appellant.**

**Nos. WD 69720, WD 69844.**

Missouri Court of Appeals, Western District.

Nov. 10, 2009.

---

T.K. Thompson, Liberty, MO, for appellant.

Kimberley R. Fournier and Kara Harris, Kansas City, MO, for respondent.

Before ALOK AHUJA, P.J., JAMES M. SMART, JR., and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

The Second Injury Fund appeals the circuit court's grant of summary judgment in favor of Tina Roller, which permits her to continue receiving the permanent total disability benefits of her deceased husband. Ms. Roller cross-appeals, contending the court erred in denying her motion for attorneys' fees. Because of clarification provided by recent decisions issued after the circuit court's ruling (that is, decisions related to the area of the statutory rights of dependents of a deceased em-

ployee drawing permanent partial disability benefits), we reverse the summary judgment. The appeal as to attorneys' fees is dismissed as moot.

## Background

In May 1998, Tina Roller's husband, Tony Roller, suffered an on-the-job injury. He filed a claim for workers' compensation benefits alleging that, as a result of that injury and other pre-existing disabilities, he was permanently and totally disabled.

On April 1, 2003, an Administrative Law Judge ("ALJ") found that Mr. Roller was entitled to permanent total disability benefits from the Second Injury Fund ("the Fund"). It does not appear from the record provided that either party appealed the award. The Fund paid the weekly disability benefit until May 24, 2007, when Mr. Roller died of causes unrelated to his work injury.

About a month later, in June 2007, counsel for Tina Roller sent a letter to the Division of Workers' Compensation noting Ms. Roller's prior requests that Mr. Roller's disability benefits be paid to her. Counsel cited the Missouri Supreme Court's January 9, 2007 decision in *Schoemehl v. Treasurer of Missouri*, 217 S.W.3d 900 (Mo. banc 2007), in which the court held that under the statutory language a worker's permanent total disability payments survive to his dependents when the worker dies of causes unrelated to the work injury. Counsel noted that Ms. Roller had demonstrated her eligibility by providing a copy of her marriage certificate and Mr. Roller's death certificate. Counsel asked why the Fund was denying payment.

The Division responded that there was no finding by the ALJ in the Division's compensation award as to Tina Roller's status as Mr. Roller's wife. Also, the Division noted that the award did not provide for benefits to Mr. Roller's survivors. The Division stated that Ms. Roller would need to obtain a court order for the payments to continue.

In August 2007, Tina Roller filed a petition against the Second Injury Fund, asserting that she, as Mr. Roller's sole dependent, is entitled to continue receiving his permanent total disability benefits from the Fund during her lifetime. The Fund sought to have the petition dismissed because the case was closed in April 2003 and "the issue of dependency was not raised at the time of the original hearing."

Tina Roller then filed a motion for summary judgment, which she based on *Schoemehl*. In response, the Fund disputed the factual issues and also argued that her claim is barred by *res judicata* because in the earlier award Mr. Roller did not assert, and the Commission did not adjudicate, any survivorship rights.

At the evidentiary hearing, Ms. Roller demonstrated that she and Mr. Roller were married on August 21, 1983, and remained married until his death on May 24, 2007. She also showed that his death was *not* due to his work-related injury.[1]

On May 1, 2008, the circuit court granted summary judgment for Tina Roller. The court found that she had proven the factual issues. The court concluded, based on *Schoemehl* and its own application of the statutes cited therein, that Ms. Roller, as Tony Roller's dependent, is entitled to his disability benefits. The court ordered

---

1. The death certificate shows Mr. Roller's cause of death as multiple melanoma; his work-related disability was due to carpal tunnel disease and a herniated disc to his thoracic spine.

reinstatement of benefits retroactive to May 24, 2007.

Tina Roller then filed a motion seeking her attorneys' fees associated with pursuing the case. The court denied the motion. The Fund appeals the summary judgment ruling in Ms. Roller's favor. Ms. Roller appeals the trial court's denial of attorneys' fees.

## Standard of Review

Appellate review of a summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party establishes a right to judgment as a matter of law and demonstrates that no genuine issue of material fact exists. *Id.* at 378. We view the record in the light most favorable to the party against whom summary judgment was entered. *Id.* at 376.

"Although awards of attorney's fees are left to the broad discretion of the trial court and will not be overturned except for an abuse of discretion, this standard is based on the assumption that the court had the authority to award the fees." *Washington Univ. v. Royal Crown Bottling Co.*, 801 S.W.2d 458, 469 (Mo.App. 1990). The scope of the trial court's authority to award attorneys' fees is a legal issue which we review *de novo*. *See Warlop v. Warlop*, 254 S.W.3d 262, 263 (Mo. App.2008).

When there is a basis to consider an award of attorneys' fees, the trial court's decision as to attorneys' fees is presumptively correct; we will reverse only if we find an abuse of discretion. *Travis v. Travis*, 174 S.W.3d 67, 71 (Mo.App.2005).

## Discussion

The Fund says the circuit court erred in granting summary judgment in favor of Ms. Roller (1) because Mr. Roller's claim was already final prior to the *Schoemehl* opinion; and (2) because the court lacked jurisdiction to enter an award that conflicts with the Division's final award to Mr. Roller.

The Court in *Schoemehl* based its ruling upon three statutes: (1) Section 287.230.2,[2] which at the time provided that a worker's benefits shall cease when the worker dies from a cause unrelated to his work injury *"unless there are surviving dependents at the time of death"*; (2) Section 287.200.1, which then stated that permanent total disability benefits shall be paid for the "lifetime of the *employee*"; and (3) Section 287.020.1, RSMo Cum.Supp.2005, which defines "employee" and stated, at the time, that *when a worker is deceased, the term "employee" refers his dependents*. 217 S.W.3d at 901–02 (emphasis added). Reading those provisions together, the Court concluded that "the right to compensation for the [permanent total disability] of an injured employee, who has died from causes unrelated to the work-related injury, survives to the dependents of that injured employee." *Id.* at 901.

Relying upon *Schoemehl*, the court found that Mr. Roller passed away of a non-work related cause and that he was married to Ms. Roller when he received his award and at the time of his death. Based upon these facts, the court held that Ms. Roller qualified as an "employee" under the Workers' Compensation Act and, thus, was entitled to the benefits pursuant to *Schoemehl.*

---

**2.** References to statutes in effect *before* the 2008 statutory revisions are to the Revised Statutes of Missouri (RSMo) 2000, except where otherwise noted. References to statutes *after* the 2008 revisions are to RSMo Cum.Supp.2008.

### Schoemehl

■ The Fund says the circuit court erred in relying upon *Schoemehl.* The Fund notes that due to subsequent changes in the law, the *Schoemehl* decision has limited application, citing *Strait v. Treasurer of Missouri,* 257 S.W.3d 600, 602–03 (Mo. banc 2008) and *Bennett v. Treasurer of Missouri,* 271 S.W.3d 49, 53 (Mo.App.2008).

Following the trial court's judgment in this case, the Missouri Legislature, on June 26, 2008, amended the statutes upon which *Schoemehl* relied. The clear purpose of those revisions was to undo the effect of the *Schoemehl* decision. The Legislature specifically redefined "employee," as used in section 287.200.1, to mean only the actual worker.[3] In another change, a new statutory provision specifically "reject[s] and abrogate[s] the holding in *Schoemehl* ... and all cases citing, interpreting, applying, or following [it]." Section 287.230.3.

Shortly thereafter, on July 15, 2008, the Missouri Supreme Court decided *Strait v. Treasurer,* which limited the application of *Schoemehl* to cases in which the injured employee's claim was "pending in the commission or pending on appeal at the time of the *Schoemehl* decision." 257 S.W.3d at 602–03. "The law bars retrospective application of the laws to cases that have achieved final resolution." *Id.* at 602. The Court said that if the worker's claim is no longer pending and has been closed, then *Schoemehl* does not apply. *Id.* In *Strait,* the Court found that the injured

worker's dependents were entitled to her disability benefits, because she died while her claim was still subject to appeal during the applicable *Schoemehl* time frame. *Id.*

In November 2008, this court in *Bennett* clarified, based on the statutory revisions and *Strait,* that "recovery under *Schoemehl* is limited to claims for permanent total disability benefits that were *pending between January 9, 2007* [the date of *Schoemehl* ], *and June 26, 2008* [the effective date of the statutory changes]." 271 S.W.3d at 53 (emphasis added).

In *Bennett,* an injured worker filed a motion with the Commission, subsequent to *Schoemehl,* seeking to add her husband as an additional party to her compensation claim under which she was awarded permanent total disability benefits in 2004. *Id.* at 50–51. Because the award was final and the claim was not still *pending* within the applicable *Schoemehl* timeframe, the Commission held that it lacked statutory authority to reopen and review her final award or to rule on the motion to join her spouse. *Id.* at 53. This court affirmed the Commission's dismissal for lack of jurisdiction. *Id.* The ruling was based on the fact that the Commission, as an administrative tribunal, is a statutory creation that possesses only the authority granted it by legislative enactment. *Id.* at 52. Section 287.495.1 provides that "[t]he final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court." *Id.* "Once the time for

---

**3.** See section 287.200.1, which now states: "The word 'employee' as used in this section *shall not include the injured worker's dependents,* estate, or other persons to whom compensation may be payable as provided in subsection 1 of section 287.020." (Emphasis added.) Section 287.020.1 now states: *"Except as otherwise provided in section 287.200,* any reference to any employee who has been injured shall, when the employee is dead, also include his dependents, and other persons to whom compensation may be payable." (Emphasis added.) The Legislature also amended sections 287.200.2 and 287.230.2 to unmistakably clarify that a deceased worker's dependents are *not* entitled to the worker's unaccrued permanent total disability benefits.

appeal has expired, the Commission has no authority to further delineate, expound upon, or enforce the award." *Id.* (*citing Strait,* 257 S.W.3d at 602).[4] Because the award had become final in 2004, the Commission lacked jurisdiction to reopen or review it under *Schoemehl. Id.* at 52–53. *See also Lawson v. Treasurer of State,* 281 S.W.3d 851, 854 (Mo.App.2009) (relying upon *Bennett* and *Strait* to affirm dismissal based on the Commission's determination that the deceased workers' claims were final prior to *Schoemehl,* and, thus, it lacked statutory authority to reopen the awards to grant survivors' benefits).

Here, Mr. Roller's award of permanent total disability benefits was final thirty days after the ALJ entered its award on April 1, 2003—almost four years before *Schoemehl.* The fact that Mr. Roller *died* on May 24, 2007, after the *Schoemehl* decision (January 9, 2007) and before the statutory amendments, is irrelevant to the analysis under *Bennett* and *Strait.* Because Mr. Roller's claim was no longer *pending* within the relevant time period, as set forth in *Bennett, Schoemehl* does not apply to this case.

### Jurisdiction

■ The fact that Tina Roller filed her petition for payment of benefits *in the circuit court,* and not the Commission, does not change the result. The circuit

court *also* lacked the statutory authority to re-open and modify or amend Mr. Roller's final award to grant Ms. Roller benefits.

This is illustrated by the recent case of *Cochran v. Travelers Insurance Co.,* 284 S.W.3d 666, 667 (Mo.App.2009), in which the unsuccessful plaintiff also sought to enforce payment of her deceased husband's permanent total disability benefits via a petition filed in the circuit court. There, the Eastern District reversed the circuit court's grant of summary judgment for the spouse. *Id.* at 672. The court found that (1) because the worker's award was final in 1998 (and not pending within the *Schoemehl* time frame as required by *Strait* and *Bennett*), the spouse did not qualify as a dependent or "employee" under *Schoemehl,* and that (2) because the plaintiff's motion to the circuit court to enforce payment of the benefits under section 287.500 relied upon her status as a dependent/employee under *Schoemehl* (and *Schoemehl* did not apply), the plaintiff lacked any interest in that award. *Id.* at 671–72. She, therefore, did not have standing as a "party in interest" to prosecute enforcement of the award as required by section 287.500.[5] *Id.* at 672.

■ Ms. Roller does not cite any statutory authority for bringing her petition in the circuit court. The circuit court is not authorized to *review* a workers' compensa-

---

4. Also, as noted in *Bennett,* neither section 287.203 (which permits the Commission to review an employer's unilateral decision to terminate permanent total disability benefits), nor section 287.470 (which authorizes the Commission to "make an award ending, diminishing or increasing the compensation previously awarded" at any time "upon a change in the condition") gives the Commission the authority to reopen and amend or modify a final award of permanent total disability benefits so as to grant survivor benefits. *See Bennett,* 271 S.W.3d at 52–53.

5. Section 287.500 provides in relevant part:

Any party in interest may file in the circuit court ..., a certified copy of ... an award ... from which an application for review or ... an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court.

tion claim.[6] Section 287.500 provides a means by which a final award can be *enforced* by the circuit court. *See id.* at 669; *Baxi v. United Techs. Auto. Corp.*, 122 S.W.3d 92, 96 (Mo.App.2003). However, as explained in *Cochran*, although section 287.500 authorizes a circuit court to enter a judgment on a final workers' compensation award as if it were an original judgment of the court, it does *not* afford the circuit court any discretion in entering that judgment. 284 S.W.3d at 670 (*citing Baxi*, 122 S.W.3d at 96–97). A section 287.500 action is purely ministerial. It does not involve the merits of the award, and there are no further factual issues to be determined by the circuit court. *Id.* Thus, the circuit court may only enter a judgment that is in accord with the Commission's award. *Baxi*, 122 S.W.3d at 97.

In her petition, Ms. Roller essentially sought to have her deceased husband's claim reopened to add her as a party and to modify its terms to award benefits to Mr. Roller's dependents upon his death. The circuit court lacked statutory authority under section 287.500—or any other statute—to do this. The circuit court, like the Commission, lacked the statutory authority to reopen the Commission's final award to modify or amend it or to compel the Fund to continue disability payments to Ms. Roller. Consequently, the circuit court's grant of summary judgment in Ms. Roller's favor must be reversed.

In her appeal, Ms. Roller says the court erred in denying her motion for attorneys' fees. Our determination that she was *not* entitled to the benefits under *Schoemehl* moots this point.

### Conclusion

Based on the foregoing, the summary judgment is reversed, and the case is re-

**6.** Section 287.801, RSMo Cum.Supp.2005, states: "Beginning January 1, 2006, only administrative law judges, the commission, and

manded to the trial court for further proceedings consistent with this opinion. Ms. Roller's appeal of the denial of attorneys' fees is dismissed as moot.

All concur.

the appellate courts of this state shall have the power to review claims filed under [chapter 287]."