Theresa A. COCHRAN, Plaintiff–
Respondent,

v.

TRAVELERS INSURANCE
COMPANY, Defendant–
Appellant.

No. SD 29229.

Missouri Court of Appeals,
Southern District,
Division Two.

March 18, 2009.

Motion for Rehearing and Transfer
Denied May 6, 2009.

Application for Transfer Denied
June 30, 2009.

Mary Anne Lindsey, Evans & Dixon,
L.L.C, St. Louis, MO, for Appellant.

Joseph P. Rice and Benjamin J. Gray, Rice, Spaeth, Summers & Heisserer, L.C., Cape Girardeau, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

Travelers Insurance Company ("Appellant") appeals from a grant of summary judgment in favor of Theresa A. Cochran ("Respondent"), on her section 287.500[1] action to enforce an order of the Labor and Industrial Relations Commission ("Commission"). Appellant contends that the motion court erred in granting summary judgment because (1) its reliance on the Supreme Court's decision in *Schoemehl v. Treasurer*, 217 S.W.3d 900 (Mo. banc 2007), was misplaced, as the new rule of law cannot be applied retroactively; (2) it was without jurisdiction under section 287.500 to enter an award not in accordance with that of the Commission and to make factual determinations necessary to such an entry; (3) it ignored the fact that Respondent's husband, the employee, died more than 300 weeks after his exposure to toxic chemicals, thus violating section 287.020.4, RSMo 2000; and (4) it ignored the recently enacted statutes expressly designed to abrogate the holding in *Schoemehl*, as well as the emergency clause enacting those statutes immediately upon their passage, which should be applied retroactively to deny Respondent's claim. Finding merit in Appellant's first two contentions, the trial court's judgment is reversed, and the case is remanded.

## Factual and Procedural Background[2]

Thomas Cochran, Respondent's husband, was employed by Industrial Fuels and Resources ("Employer") in Scott County, Missouri, as a general laborer.

While working at Employer's industrial waste processing facility in late January 1991, Cochran was exposed to a toxic sodium hydroxide solution emanating from a nearby scrubber. After four months of increasingly severe symptoms and numerous incorrect diagnoses, Cochran was finally correctly diagnosed with dermatomyositis by a rheumatologist in Cape Girardeau. Based on this diagnosis, Cochran was prescribed a treatment of high-dosage steroids. He was also given various narcotics and benzodiazepines to alleviate his muscle pain and anxiety. He continued on this treatment regimen until November 1992.

Cochran then developed aseptic necrosis of both hips and underwent a total hip replacement on his right leg in August 1993, and on his left in August 1994. He also developed bilateral posterior subscapular cataracts. Both conditions were a result of his dermatomyositis treatment.

On February 4, 1998, an administrative law judge ("ALJ") awarded Cochran $222.41 per week in permanent total disability workers' compensation benefits, with payments pre-dating to April 21, 1993. In his findings, the ALJ did not mention Respondent as a dependent of Cochran. The Commission affirmed the award on September 24, 1998. This Court affirmed the Commission's award. *See Cochran*, 995 S.W.2d 489. Appellant then commenced paying Cochran's permanent total disability benefits.

Cochran died on September 21, 2003. Appellant ceased paying Cochran's benefits as of that date. On January 9, 2007, the Supreme Court issued its opinion in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007), allowing dependents of recipients of per-

---

1. All references to section 287.500 are to RSMo Cum.Supp.2005, unless otherwise indicated.

2. A complete factual background can be found in *Cochran v. Industrial Fuels & Resources*, 995 S.W.2d 489 (Mo.App.1999).

manent total disability benefits to recover those benefits upon the death of the recipient, provided the recipient's death was unrelated to the workplace injury or illness. *Id.* at 903. Shortly thereafter, Respondent filed a petition under section 287.500 to enforce her late husband's award of permanent total disability benefits in her favor under the ruling in *Schoemehl.* In December 2007, Respondent filed a motion for summary judgment averring that because she was a dependent of Cochran as defined by section 287.240, RSMo 2000, and because Cochran's death was unrelated to the injury underlying his award of permanent total disability benefits, she was entitled as a matter of law to receive those benefits until her own death. The trial court granted Respondent's motion on June 2, 2008. In its judgment, the trial court specifically found that Respondent was Cochran's dependent at the time of the award, and that Cochran's death was unrelated to his underlying injury. This appeal followed.

### Standard of Review

We review an appeal from summary judgment by looking at the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply*, 854 S.W.2d 371, 376 (Mo. banc 1993). This includes viewing all reasonable inferences, as well as facts, in favor of the non-moving party. *Id.* We take as true facts set forth by affidavit or other manner in support of the party's motion, unless they are contradicted by the non-moving party's response to the motion. *Id.* Because review of a summary judgment is purely a matter of law, our review of the case is *de novo. Id.* In examining the record, we employ the same criteria as that of the motion court to determine whether its decision granting a motion for summary judgment was appro-

priate, and we do not defer to the motion court's decision. *Id.*

### Discussion

"Summary judgment will be upheld on appeal if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." *Foster v. St. Louis County*, 239 S.W.3d 599, 601 (Mo. banc 2007). The burden is on the movant to demonstrate both elements. *Evans v. Eno*, 903 S.W.2d 258, 259–60 (Mo.App.1995). Both parties in this case stipulate as to the underlying facts, but Appellant challenges Respondent's right to judgment as a matter of law.

Appellant presents for our review four legal reasons supporting its claim of trial court error under its sole point; our decision on the first two reasons, however, is dispositive. In its first reason, Appellant contends that the motion court erred in granting Respondent's motion for summary judgment because it incorrectly interpreted the Supreme Court's holding in *Schoemehl*, thus challenging Respondent's right to judgment as a matter of law. In its second, Appellant contends that the motion court erred in its application of section 287.500, under which Respondent filed the underlying petition in this case. This court agrees with both reasons. Because the analysis of Appellant's first two reasons is intertwined, we consider both together.

Section 287.500 permits "[a]ny party in interest" to a workers' compensation award to file the award in circuit court in order to compel enforcement of the award. Section 287.500. Because the Commission lacks the authority to enforce a workers' compensation award, an action must be filed under section 287.500 in order to compel compliance. *Carr v. North Kansas City Beverage Co.*, 49 S.W.3d 205,

207 (Mo.App.2001). Under section 287.500, the workers' compensation award takes on the force and effect of a final judgment rendered in the circuit court. *Baxi v. United Technologies Automotive,* 122 S.W.3d 92, 96 (Mo.App.2003). When acting under the authority of section 287.500, the circuit court has no discretion in entering the judgment; rather, a section 287.500 action does not involve the merits of the award, and there are no further factual issues to be determined by the circuit court. *Id.* at 97.

In granting Respondent's motion for summary judgment in the instant case, the trial court necessarily found Respondent to be a "party in interest" as required by section 287.500. "Real parties in interest" have been defined as "persons who are directly interested in a lawsuit's subject matter and are entitled to maintain the action." *Welch v. Davis,* 114 S.W.3d 285, 292 (Mo.App.2003). Respondent characterizes herself as a party in interest because of her status as Cochran's dependent, which she contends under the holding in *Schoemehl* gives her an interest in the award. Obviously, by the entry of the judgment, the trial court agreed. *Schoemehl,* however, does not apply to this case.

Chapter 287 governs Missouri workers' compensation law. At the time *Schoemehl* was decided, and as pertinent to the case at bar, section 287.230.2, RSMo 2000 provided:

> Where an employee is entitled to compensation under this chapter for an injury received and death ensues for any cause not resulting from the injury for which he was entitled to compensation, payments of the unpaid accrued compensation shall be paid, but payments of the unpaid unaccrued balance for the injury shall cease and all liability therefore shall terminate unless there are surviving dependents at the time of death.

*Id.* Section 287.020.1, RSMo 2000, defined "employee" as follows:

> The word "employee" as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. Any reference to any employee who has been injured shall, when the employee is dead, also include his dependents, and other persons to whom compensation may be payable.

*Id.* Finally, section 287.200.1, RSMo 2000, defined the duration of compensation of permanent total disability benefits, and provided:

> Compensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made.

*Id.* In *Schoemehl,* the Supreme Court relied on the integrated reading of these three workers' compensation statutes in its holding that the dependents of deceased employees who died from causes unrelated to their underlying workers' compensation claims were themselves classified as "employees," and therefore entitled to continued permanent total disability payments. *Schoemehl,* 217 S.W.3d at 902. The Court did not elaborate on the application of this principle.

The following year, however, in *Strait v. Treasurer of Missouri,* 257 S.W.3d 600 (Mo. banc 2008), the Court limited the application of its holding in *Schoemehl* to only those cases in which the injured worker's claim was still pending at the time of his or her death. *Strait,* 257 S.W.3d at 602. Specifically, the Court stated:

> Courts respect the finality of judgments. The law bars the retrospective applica-

tion of the laws to cases that have achieved final resolution. If [an injured worker's] claim [is] no longer pending, and her case [has] been closed, then *Schoemehl* cannot be applied to allow the substitution of [the injured worker's] dependents as beneficiaries of her permanent total disability benefits.

*Id.*

Later that same year, our legislature acted to completely abrogate the Court's holding in *Schoemehl.* Under the new amendments, the term "employee" now means

> every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. *Except as otherwise provided in section 287.200,* any reference to any employee who has been injured shall, when the employee is dead, also include his dependent, and other persons to whom compensation may be payable.

Section 287.020.1, RSMo Cum.Supp.2008 (emphasis added). Section 287.200 was similarly altered:

> Compensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made. The word **"employee"** as used in this section *shall not include the injured worker's dependents,* estate, or other persons to whom compensation may be payable as provided in Subsection 1 of Section 287.020.

Section 287.200.1, RSMo Cum.Supp.2008 (italics added). The legislature also amended section 287.200.2:

> Permanent total disability benefits that have accrued through the date of the

injured employee's death are the only permanent total disability benefits that are to be paid in accordance with section 287.230. The right to unaccrued compensation for permanent total disability of an injured employee terminates on the date of the injured employee's death in accordance with section 287.230, *and does not survive to the injured employee's dependents,* estate, or other persons to whom compensation might otherwise be payable.

Section 287.200.2, RSMo Cum.Supp.2008 (emphasis added). Finally, section 287.230 now reads:

> Where an employee is entitled to compensation under this chapter, exclusive of compensation as provided for in section 287.200, for an injury received and death ensues for any cause not resulting from the injury for which the employee was entitled to compensation, payments of the unpaid unaccrued compensation under section 287.190 and *no other compensation for the injury shall be paid to the surviving dependents* at the time of death.

Section 287.230.2, RSMo Cum.Supp.2008 (emphasis added). The legislature then went on to expressly state that "[i]n applying the provisions of this chapter, it is the intent of the legislature to reject and abrogate the holding in *Schoemehl v. Treasurer of the State of Missouri,* 217 S.W.3d 900 (Mo.2007), and all cases citing, interpreting, applying, or following this case." Section 287.230.3, 'RSMo Cum.Supp.2008. The amendments were then effected upon their passing and signature by the Governor on June 26, 2008.

Following the legislature's enactment of the above amendments, the Western District of our Court faced a similar situation to this one in *Bennett v. Treasurer of the State of Missouri,* 271 S.W.3d 49 (Mo.App. 2008). In *Bennett,* an injured worker filed a motion with the Commission seeking to

add her husband as an additional party to her workers' compensation claim in which she had been previously awarded permanent total disability benefits. *Id.* at 51. Her original claim was final on June 9, 2004, and Bennett filed her motion with the Commission on October 25, 2007. *Id.* at 51–52. Relying on the legislature's recent enactments, as well as the Supreme Court's decision in *Strait,* the Western District held that "recovery under *Schoemehl* is limited to claims for permanent total disability benefits that were pending between January 9, 2007, the date the Missouri Supreme Court issued it decision in *Schoemehl,* and June 26, 2008, the effective date of [the new amendments]." *Bennett,* 271 S.W.3d at 53. This court has no reason to disagree with the Western District's interpretation of *Schoemehl* and subsequent authority limiting its application.

Here, Cochran's original workers' compensation award was issued on February 4, 1998. Following the Commission's decision to affirm the award on September 24, 1998, the award was made final by this Court's mandate on May 17, 1999. *Cochran,* 995 S.W.2d 489. Thus, Cochran's claim was not pending between January 7, 2007, and June 26, 2008, as required by *Bennett.* Therefore, *Schoemehl* cannot be applied to allow Respondent to recover Cochran's continuing permanent total disability benefits as his dependent.

Respondent's motion under section 287.500 relied upon her status as a dependent, under the reasoning in *Schoemehl,* to grant her standing to enforce her late husband's workers' compensation award. Because *Schoemehl* does not apply to the award in this case, Respondent's status as Cochran's dependent does not afford her any interest in that award. Thus, Respon-

dent did not have standing as a "party in interest" to prosecute enforcement of the award pursuant to section 287.500.[3]

### Decision

The trial court's judgment granting Respondent's motion for summary judgment and awarding her permanent total disability benefits is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

BURRELL, P.J., and PARRISH, J., concur.

---

**3.** Because Respondent does not meet this threshold requirement in order to bring an action under section 287.500, we need not address Appellant's other arguments concerning the alleged misapplication of this section by the trial court.