

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STACEY L. DEANE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD76508 |
| | ) | |
| MISSOURI EMPLOYERS MUTUAL | ) | Opinion filed: April 29, 2014 |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**
**The Honorable Christine Carpenter, Judge**

Before Division One: Joseph M. Ellis, Presiding, Judge,
Karen King Mitchell, Judge and Anthony Rex Gabbert, Judge

Stacey Deane ("Appellant") appeals from the Circuit Court of Boone County's dismissal of his petition against Missouri Employers Mutual Insurance Company ("Insurer") in which Appellant asserted tort claims against Insurer for failing to comply with the terms of a worker's compensation award that had previously been entered as a judgment in Cole County. For the following reasons, the judgment is affirmed.

On October 7, 2002, while working construction for his employer, Elder Custom Homes, Appellant fell from a scaffold. The spinal injury he sustained caused

permanent, lower-extremity paraplegia. Insurer was the workers' compensation insurer for Elder Custom Homes at the time of the injury.

Appellant filed a workers' compensation claim for his injuries, and eventually, on February 16, 2012, the Commission entered its award granting Appellant permanent total disability benefits along with future medical expenses.[1] The award also reflects that the employer/insurer is liable for the cost of home modifications, a home cleaning service, and physical therapy. Based upon Insurer's failure on multiple occasions to provide Appellant with various medical necessities and services, the Commission ordered Insurer to pay some of Appellant's attorney's fees. Additionally, the award stated that "should Mr. Deane's condition change to the point where a van is medically necessary, modifications as well as the cost of a new van beyond the cost of an average midsize automobile of the same year as the van will be the responsibility of the employer/insurer." Pursuant to § 287.500, on September 19, 2012, the Commission's award was entered as a judgment in the Circuit Court of Cole County.

On February 6, 2013, Appellant filed his petition in the Circuit Court of Boone County asserting that Insurer had negligently and with conscious disregard failed to comply with the terms of the Commission's award in that Insurer had "failed to provide a van or the cost of a van to [Appellant], even though said van is medically necessary" and "failed to provide medical care to cure and relieve the effects of his injury, including

---

[1] The parties stipulated that Appellant's injury was work related, that he was permanently and totally disabled, and that future medical expenses should be awarded. The disputed issues in the administrative proceedings related to the authority of the employer/insurer to direct Appellant's future care and to the employer/insurer's liability for various expenses.

2

but not limited to, shoulder surgery and the necessary aftercare required, even though said surgery and aftercare are medically necessary."[2]   Appellant sought to recover damages for "physical pain and suffering," "mental pain and suffering," "impairment of [Appellant]'s activities and ability to enjoy life," and punitive damages. In the second count of the petition, Appellant asserted that Insurer had failed to pay some of the attorney's fees that had been awarded by the Commission.

In response to Appellant's petition, Insurer filed a motion to dismiss, asserting that Appellant had failed to state a claim upon which relief could be granted.  Insurer argued that an action for negligent failure to comply with the terms of a judgment was not recognized as an independent cause of action in Missouri and that the sole remedy available to Appellant was to pursue enforcement of the judgment in the Circuit Court of Cole County.   Following a hearing, the trial court granted Insurer's motion and dismissed Appellant's petition.  The circuit court concluded that the entry of a judgment pursuant to §287.500 did not create a duty of care that would give rise to a tort based

---

[2] In his petition, Appellant asserted the following facts as the basis for his claim.   On July 30, 2012, a doctor recommended that appellant receive a total shoulder arthroplasty and noted that Appellant would "have to get clearance for the procedure through his workers' compensation provider."  The doctor's notes also referenced problems experienced by Appellant due to the fact he did not have a wheelchair accessible van.   After he did not hear from Insurer following his appointment with the doctor, Appellant's attorney contacted Insurer on August 29, 2012, and requested a copy of the doctor's note from the July 30, 2012 examination.  Appellant's attorney did not receive a response to that request.  Appellant's attorney contacted Insurer on October 9, 2012, and requested Insurer's plan regarding Appellant's shoulder surgery, aftercare, and transportation following surgery.  Insurer's response to that request "did not address [Appellant]'s questions surrounding transportation and specifically a van."  Appellant's attorney contacted Insurer on October 11, 2012, and asserted that the aftercare plan for Appellant was too vague and that Insurer had not commented on Appellant's need of a van.  Insurer's response to that letter, while indicating that Insurer would provide transportation to and from surgery and rehab, again did not address his request for a van.  Appellant asserted in his petition that he could not receive shoulder replacement surgery until he was provided with a wheelchair accessible van and that he was damaged by Insurer's delay in approving his surgery and providing him with a van.

3

cause of action. The court further concluded that Missouri law does not recognize a separate cause of action in tort for an alleged failure to comply with the terms of a judgment entered pursuant to § 287.500.

Appellant brings four points on appeal challenging the dismissal of the first count of his petition.[3] In his first point, Appellant claims that the trial court erred in granting the motion to dismiss for failure to state a claim because the cause of action he sought to assert was not barred by the exclusivity of the Workers' Compensation Act.[4] In his second point, Appellant claims the trial court erred in dismissing his claim because an action to enforce the Cole County judgment does not provide an adequate remedy for damages caused by an unreasonable delay in complying with the judgment and that such damages are separate and distinct from the original work injury. In his third point, Appellant argues that the motion to dismiss was erroneously granted based upon a lack of jurisdiction because his petition did not ask the court to change or modify the Cole County judgment and asserted an entirely different cause of action from his work injury. In his final point, Appellant claims the trial court erred in dismissing his claim because Insurer owed a duty of care to Appellant to provide medical care to Appellant without causing foreseeable additional damage to him.

All of Appellant's points are intertwined in that they are all focused on Appellant's core contention that Missouri recognizes, or should recognize, a separate cause of action in tort based on an insurer negligently and with conscious disregard failing to

---

[3] Appellant expressly notes in his brief that he has abandoned Count II of his petition.
[4] Neither Insurer's motion nor the trial court's judgment appear to have relied upon the exclusivity of the Worker's Compensation act as justification for the dismissal of Appellant's claim.

comply with a workers' compensation award on which an enforcement judgment has been entered pursuant to § 287.500.  Therefore, our resolution of that core contention is dispositive of all four points.

This Court reviews *de novo* the trial court's dismissal of a petition for failure to state a claim.  ***Glossip v. Missouri Dep't of Tranp. & Highway Patrol Employees' Ret. Sys.***, 411 S.W.3d 796, 801 (Mo. banc 2013).  In so doing, we simply examine the pleadings to determine whether they invoke principles of substantive law.  ***Hendrick v. Jay Wolfe Imports I, LLC***, 404 S.W.3d 454, 456-57 (Mo. App. W.D. 2013).  "The pleadings are liberally construed and all alleged facts are accepted as true and construed in a light most favorable to the pleader." *Id*. at 457 (internal quotation omitted).  "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim."  *Id*. (internal quotation omitted).  "[T]he petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." ***State ex rel. Henley v. Bickel***, 285 S.W.3d 327, 329 (Mo. banc 2007) (internal quotation omitted).  "In order to withstand the motion, the petition must invoke substantive principles of law entitling plaintiff to relief and ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial." *Id*. at 329-30 (internal quotation omitted).  This Court "may affirm the trial court's dismissal on any ground before the trial court in the motion to dismiss." ***Willits v. Peabody Coal Co.***, 400 S.W.3d 442, 448 (Mo. App. E.D. 2012).

5

In his petition, Appellant averred that the Commission had entered a workers' compensation award granting him permanent total disability benefits, future medical care, and the cost of a van if one became medically necessary. He further averred this award had been entered as a judgment in the Circuit Court of Cole County.

"Because the Commission lacks the authority to enforce a workers' compensation award, an action must be filed under section 287.500 in order to compel compliance." *Cochran v. Travelers Ins. Co.*, 284 S.W.3d 666, 669 (Mo. App. S.D. 2009). Section 287.500 "provides the means by which a final Commission award becomes enforceable." *Baxi v. United Techs. Auto. Corp.*, 122 S.W.3d 92, 96 (Mo. App. E.D. 2003). It permits any party in interest to a workers' compensation award to file the award in the circuit court of the county in which the accident occurred and provides that the circuit court shall render judgment in accordance therewith. *§ 287.500*. Section 287.500 further provides that "[s]uch judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court." Thus, the underlying judgment in this case must be treated the same as any other judgment.

Instead of pursuing enforcement of the Cole County judgment through one of the recognized judicial enforcement mechanisms, Appellant attempts to bring a tort action in the Circuit Court of Boone County asserting that Insurer negligently and with conscious disregard failed to comply with the Cole County judgment. Appellant does not ask us to adopt a cause of action recognized by any edition of the Restatement of Torts. Rather,

6

he references three cases from other jurisdictions,[5] only one of which addresses a claim based upon a failure to comply with a final worker's compensation award, and otherwise generally asserts that he should be allowed to bring such an action and that, if no such action exists, he will be left without a remedy. We reject Appellant's contention, finding no such cause of action has been recognized in this State, and we see no compelling reason to do so now.

Certainly, Appellant has a right to insist that Insurer comply with the terms of the judgment. If Insurer has failed to comply with the judgment, Appellant is entitled to pursue enforcement of the judgment in the Circuit Court of Cole County. "Courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so." *Schumacher v. Austin*, 400 S.W.3d 364, 369 (Mo. App. W.D. 2013) (internal quotation omitted).

Under the facts asserted by Appellant, civil contempt would seem to be the most appropriate enforcement vehicle available to him.[6] "Civil contempt is intended to benefit a party for whom relief has been granted by coercing compliance with the relief granted." *State ex rel. Koster v. Cain*, 383 S.W.3d 105, 112 (Mo. App. W.D. 2012) (internal quotation omitted). "[C]ivil contempt represents a non-exclusive means by

---

[5] Appellant cites *Boylan v. American Motor Ins. Co.*, 489 N.W.2d 742 (Iowa 1992); *Rowland v. Great States Ins. Co.*, 20 P.3d 1158 (Ariz. Ct. App. 2011); and *Cooper v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 921 P.2d 1297 (Okla. Civ. App. 1996), as supportive of his position. Only *Cooper* addressed a tort claim based upon a defendant's failure to comply with a final worker's compensation award, recognizing the existence of a tort action for bad faith-intentional failure to pay benefits under such an award. *Cooper*, 921 P.2d at 1299. As a decision from a foreign jurisdiction, *Cooper* is not binding upon this court, and we do not find its reasoning persuasive. We are likewise unpersuaded by the reasoning in *Boylan* and *Rowland*.

[6] "A judgment creditor is also permitted to attempt to directly collect a judgment through attachment or garnishment proceedings." *State ex rel. Koster v. Cain*, 383 S.W.3d 105, 112 (Mo. App. W.D. 2012).

which a judgment creditor can seek the court's assistance in encouraging a judgment debtor to comply with an existing judgment on threat of fine or imprisonment." *Id*. (internal quotation omitted). "A fine for civil contempt is remedial and provides a coercive means of compelling compliance with a court order and/or of compensating complainant for losses sustained due to noncompliance."[7] *Tashma v. Nucrown, Inc.*, 23 S.W.3d 248, 251-52 (Mo. App. E.D. 2000) (internal quotation omitted).

The enforcement powers of the courts of this State have served to enforce our judgments for centuries. We are left unconvinced that those powers are insufficient to the task in the case at bar. As stated by the trial court, it is through those powers that Appellant should seek remedy for any failure on the part of Insurer to comply with the Cole County judgment.

The trial court did not err in granting Insurer's motion to dismiss for failure to state a claim upon which relief could be granted. The judgment is affirmed.

_____
Joseph M. Ellis, Judge

All concur.

---

[7] The amount of a fine charged against a civil contemnor "must be related to the actual damages suffered by the injured party [as a result of the contemnor's failure to obey the judgment] and must be payable to [the injured] party." *Chemical Fireproofing Corp. v. Bronska*, 553 S.W.2d 710, 715 (Mo. App. E.D. 1977); *see also Division of Emp't Sec. v. Weaver*, 614 S.W.2d 729, 731 (Mo. App. W.D. 1981).